IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CRAIG N. EVANS,
#863500,

Petitioner,

vs.

UNKNOWN PARTY,

Respondent.                                              Case No. 15-cv-634-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Craig Evans brings this Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in order to challenge his involuntary civil commitment as a sexually violent person under the Illinois Sexually Violent Persons Commitment Act, 725 Ill. Comp. Stat. § 207/1, *et seq*. This matter is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition and exhibits, the Court concludes that it lacks subject matter jurisdiction over the Section 2241 petition. Accordingly, the petition shall be dismissed.

I. **Background**

Petitioner is currently in the custody of the Illinois Department of Human Services and is housed at the Treatment and Detention Facility in Rushville, Illinois (Doc. 1, p. 1). According to the petition, he was originally sentenced to six years of imprisonment in the Illinois Department of Corrections ("IDOC") followed by three years of mandatory supervised release for an undisclosed crime (Doc. 1, p. 7). As petitioner approached the end of his six-year sentence, the State of Illinois filed a petition in Wabash County, Illinois, to civilly commit him under the Illinois Sexually Violent Persons Commitment Act ("SVPCA"), 725 Ill. Comp. Stat. § 207/1, *et seq*. Petitioner was appointed counsel to represent him in the matter (Doc. 1, pp. 2, 6). Instead of challenging the petition, however, petitioner's counsel recommended that he commit himself, saying, "they are going to find you guilty anyway" (Doc. 1, p. 6). Petitioner reluctantly took this advice and agreed to "self commit." An Order of Civil Commitment Pursuant to 725 Ill. Comp. Stat. § 207/1, *et seq.*, was entered in the Circuit Court of Wabash County, Illinois, in October 2005 (Doc. 1, p. 2).

Petitioner now challenges his civil commitment under the SVPCA. He contends that his confinement is unconstitutional under United States Supreme Court precedent (Doc. 1, pp. 2, 6) (citing *Kansas v. Hendricks*, 521 U.S. 346 (1997); *Kansas v. Crane*, 534 U.S. 407 (2002); *In re: Winship*, 397 U.S. 358 (1970)). He also challenges the constitutionality of the SVPCA itself (Doc. 1, pp. 2, 6-7). This is the first challenge to petitioner's civil commitment and to the

SVPCA that he has brought in state or federal court. Petitioner admits that he took no steps to exhaust state court remedies prior to filing this petition, but claims that none are available to him because his civil commitment resulted from a stipulation that grounds exist for the civil commitment.

## II.     Discussion

The Illinois Sexually Violent Persons Commitment Act ("SVPCA"), 725 Ill. Comp. Stat. § 207/1, *et seq.*, provides a mechanism for the civil commitment of an individual who has been convicted of a sexually violent crime and faces an impending release from IDOC custody, but suffers from a mental disorder that predisposes him to future acts of sexual violence. *See Stanbridge v. Scott*, --- F.3d ---, 2015 WL 3937535, at *1 (7th Cir. June 29, 2015); 725 Ill. Comp. Stat. § 207/15. Civil commitment under the SVPCA involves two stages of proceedings. In the first, an Illinois circuit court must determine whether probable cause exists to find that the subject of the petition is a sexually violent person. 725 Ill. Comp. Stat. § 207/30. In the second, the State must try the subject and prove the allegation(s) in the petition beyond a reasonable doubt. 725 Ill. Comp. Stat. § 207/35. The trial must be held within 120 days of the probable cause hearing, unless the subject of the petition consents to a delay. 725 Ill. Comp. Stat. § 207/35(a).

If civil commitment proceedings are still pending in Illinois state court, challenges to the habeas petitioner's custody are appropriately brought pursuant to 28 U.S.C. § 2241. This is because the petitioner's situation is similar to that of

a pretrial detainee in a criminal case. *See, e.g., Moore v. Phillips*, 2011 WL 1582947, at *1 (C.D. Ill. 2011); *Kiger v. Phillips*, 2011 WL 1377437, at *2 (C.D. Ill. 2011). "Challenges to pretrial custody are appropriate only under 28 U.S.C. § 2241, not 28 U.S.C. § 2254." *Id.* (quoting *Rittmiller v. Sawyer County Circuit Court*, 2005 WL 1813014 (W.D. Wis. 2005)).

The petitioner's ultimate entitlement to relief under Section 2241 would, of course, hinge on whether adequate grounds exist for granting relief. Under Section 2241, a petitioner must establish that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Further, he must first exhaust all available state court remedies before pursuing federal habeas relief under Section 2241. *See Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 491–492 (1973); *Neville v. Cavanagh,* 611 F.2d 673, 675 (7th Cir. 1979).

Here, petitioner does not claim that his underlying civil commitment case is still pending. On the contrary, he alleges that he stipulated to the entry of an Order of Civil Commitment in Wabash County, Illinois, in October 2005. Presumably, a judgment was also entered, rendering Section 2241 unavailable.

A petitioner who is in custody pursuant to a final judgment of a state court must instead seek habeas relief under 28 U.S.C. § 2254 and only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a); *Stanbridge*, 2015 WL 3937535, at *1 (citing *Maleng v. Cook*, 490 U.S. 488 (1989) (holding that the custody

requirement is jurisdictional)).  What is more, the petitioner must be "'in custody' *under the conviction or sentence under attack* at the time his petition is filed." *Maleng*, 490 U.S. at 490-91 (emphasis added).  The Seventh Circuit recently held that "a habeas petitioner is not 'in custody' pursuant to a particular conviction unless his physical liberty of movement is limited in a non-negligible way, and that limitation is a *direct* consequence of the challenged conviction." *Stanbridge*, 2015 WL 3937535, at *3.

As with Section 2241 petitions, a Section 2254 petition will not be granted unless it also appears that the petitioner has exhausted all available state court remedies.  28 U.S.C. § 2254(b)(1)(A)-(B).  The only exceptions to this requirement arise where no state court corrective process is available or circumstances render the process ineffective to protect the petitioner's rights.  *Id.*  A petitioner will not be deemed to have exhausted the remedies available in state court "if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).

Because petitioner is challenging his custody pursuant to a final judgment of a state court, Section 2241 is unavailable to him.  If he wishes to proceed with his request for relief, petitioner must do so by filing a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, and only after exhausting all available state court remedies.

### III.    Disposition

**IT IS HEREBY ORDERED** that the petition is summarily **DISMISSED** without prejudice for lack of subject matter jurisdiction.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. See FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   7/6/2015**

Digitally signed by
David R. Herndon
Date: 2015.07.06
15:19:20 -05'00'

**United States District Court**